# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**COREY A. COLEY, SR.,**

    **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 2:15cv17**
　　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Bailey)**

**TERRY O'BRIEN, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Background

On March 9, 2015, the *pro se* petitioner, an inmate incarcerated at USP Hazelton in Bruceton Mills, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging the validity of his convictions and sentence. Along with his petition, he filed a Motion for Leave to File Excess Pages in Petition for Habeas Corpus Pursuant to 28 U.S.C. §2241. The Clerk of Court issued a Notice of Deficient Pleading, directing petitioner to either pay the five dollar filing fee or file an application to proceed in forma pauperis ("IFP") with a copy of his Prisoner Trust Account Report and its Ledger Sheets within twenty-one days, or by March 30, 2015. On April 28, 2015, having received neither the filing fee nor the application to proceed as a pauper with its supporting documents, a Show Cause Order was issued, directing petitioner to show cause why his case should not be dismissed for the failure to prosecute. On April 30, 2015, the petitioner paid the $5.00 filing fee. On May 7, 2015, petitioner filed a response to the Show Cause Order.

This matter, before the undersigned for review, report, and recommendation pursuant to LR PL P 2, is ripe for review.

## II. Factual and Procedural History[1]

### A. Conviction and Sentence

On December 24, 2013, in the Middle District of Florida, petitioner signed a plea agreement, agreeing to plead guilty to three counts from a Superseding Indictment: Count One, conspiracy, in violation of 18 U.S.C. §371; Count Eighteen, wire fraud, in violation of 18 U.S.C. §1343; and Count Thirty-Eight, aggravated identity theft, in violation of 18 U.S.C. §1028A. On January 15, 2014, petitioner and three co-defendants entered their guilty pleas in open court before Magistrate Judge ("MJ") Mark A. Pizzo. MJ Pizzo summarized his recommendations regarding the pleas in a Report and Recommendation ("R&R") to the District Judge the same day.

On February 4, 2014, District Judge Elizabeth A. Kovachevich noted that there were no objections to MJ Pizzo's R&R regarding the guilty plea, and by Order entered the same day, accepted the pleas, adjudicating petitioner guilty. On April 24, 2014, petitioner was sentenced to sixty (60) months as to Count 1s and sixty-three (63) months as to Count 18s, both counts to run concurrently, and twenty-four (24) months as to Count 38s, to run consecutive to Counts One and Eighteen, for a total term of 87 months imprisonment.[2] Petitioner was also sentenced to three (3) years as to Counts 1s and 18s and one (1) year as to Count 38s, to run concurrently, for a total term of three years supervised release. He was directed to pay restitution jointly and severally with his 3 co-defendants in the amount of $671,022.99, and a Special Assessment of $300.00. Judgment was entered the same day. An Amended Judgment was entered May 1, 2014, to correct special conditions of supervision.

---

[1] The information regarding petitioner's underlying criminal history in the Middle District of Florida is available on PACER, at 8:13-cr-00190-1.

[2] Counts 11-17, 19-37, and 39-40 of the Superseding Indictment and the underlying Indictment were dismissed on motion of the government.

**B. Direct Appeal**

Petitioner did not appeal his convictions.

**C. §2255 Motion**

Petitioner filed a Motion to Vacate on December 22, 2014, raising only one claim, that his guilty pleas were illegal because they were accepted by the Magistrate Judge and not the United States District Judge. By Order entered January 16, 2015, the motion was denied as having no merit; a certificate of appealability and leave to appeal *in forma pauperis* were denied as well.

**D) Other Challenges to Petitioner's Conviction**

On January 26, 2015, petitioner filed a Motion for Resettlement and Issuance of Preliminary Injunction, again contending that his guilty pleas were "null and void" because they had been taken by a MJ and not a DJ. By Order entered March 3, 2015, the motion was denied, noting that the court had already addressed the issue in its order denying the motion to vacate.

### III. Issue Presented

**A. The Petition**

In his petition, filed with a 25-page typed memorandum in support, the petitioner again contends that he was wrongly convicted and is therefore being unconstitutionally detained because his felony plea was accepted "illegally and 'involuntarily' by a magistrate judge" and not a DJ. Further, he contends counsel was ineffective for failing to advise him otherwise.

As relief, the petitioner requests immediate release from prison.

Petitioner alleges that his remedy under 28 U.S.C. §2255 is inadequate or ineffective because he is "barred from any further §2255 action, [thus] his only remaining appeal vehicle is this §2241 with savings clause."[3]

### IV. Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a *pro se* litigant, petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

### V. Analysis

A motion filed under §2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to §2255, on the other hand, is the primary means

---

[3] Dkt.# 1 at 8.

under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a §2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a §2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. §2255. The petitioner bears the burden of demonstrating that the §2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under §2255, there must be more than a procedural barrier to bringing a §2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a §2255 motion is not inadequate or ineffective merely because the claim was previously raised in a §2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the

prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[4]

Id. at 333-34.

Although Petitioner attempts to raise a savings clause argument, alleging that he is being held in violation of Congressional intent, it is clear that he is not entitled to its application. In the instant case, even if Petitioner satisfied the first and third elements of Jones, violations of 18 U.S.C. §§371, 1028A, and 1343 remain criminal offenses. Therefore, because the petitioner clearly attacks the validity of his convictions and sentences, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy and he has improperly filed a §2241 petition. As noted *supra*, petitioner has already twice attempted to raise this same claim in the sentencing court; a §2255 motion is not inadequate or ineffective merely because the claim was previously raised in a §2255 motion and denied. United States v. Laurie, 207 F.3d at 1077.

Here, a review of the plea hearing transcript indicates that prior to entering his plea, petitioner was fully advised of his rights and consented to the entry of his plea before the magistrate judge anyway:

> THE COURT: Each of you has a right to enter your plea of guilty before the district judge assigned to your case. That's Judge Elizabeth Kovachevich. However, if you wish, you can enter your plea before me this morning. I'm a magistrate judge, a judge of lesser authority than the district judge. It would be Judge Kovachevich who would sentence you in any event. Do each of you wish to enter your pleas before me this morning? If so, say so.

---

[4] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §2255; see Jones, 226 F.3d at 330.

> . . . DEFENDANT COLEY: Yes, Your Honor.
> . . .
> THE COURT: All have indicated yes.

M.D. Fla. Case No. 8:13-cr-00190-1, Dkt.# 120 at 8. Moreover, when given the opportunity to object to the R&R regarding the guilty plea, petitioner failed to do so.

Finally, the law in this district at the time petitioner entered his felony plea was that a magistrate judge may take a felony guilty plea. United States v. Benton, 523 F.3d 424, 431-32 (4th Cir. 2008). Likewise, in the Middle District of Florida, at the time petitioner entered his plea, a magistrate judge was qualified to accept a guilty plea. The authority of a district court to review a magistrate judge's decision, even if neither party invokes such authority, is essential to ensuring that Article III values are protected. See, e.g., Peretz v. United States, 501 U.S. 923, 937 (1991) (finding no Article III issue with parties consenting to a magistrate judge conducting *voir dire* in a felony trial because "the entire process takes place under the district court's total control and jurisdiction" (internal quotation marks omitted)); United States v. Woodard, 387 F.3d 1329, 1334 (11th Cir. 2004) (per curiam) (holding that delegating the authority to conduct a plea hearing to magistrate judges does not violate Article Ill's structural principles because "a district court, as a matter of law, retained the ability to review the Rule 11 [plea] hearing if requested " (emphasis in original)); and U.S. v. Woodard, 387 F. 3d 1329 (11th Cir. 2004)(per curiam)(no error, statutory or constitutional, in the magistrate judge accepting Woodard's guilty plea and adjudicating him guilty). The undersigned agrees with the Middle District of Florida, finding that there is no merit to petitioner's claim.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED with prejudice.**

Further, the undersigned also recommends that petitioner's pending Motion for Leave to File Excess Pages in Petition for Habeas Corpus Pursuant to 28 U.S.C. §2241 (Dkt.# 2) be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by October 28, 2015**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: October 14, 2015

/s/   James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE