IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

COREY A. COLEY, SR.,

Petitioner,

v.  CIVIL ACTION NO. 2:15-CV-17
(BAILEY)

TERRY O'BRIEN, Warden,

Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

### I. INTRODUCTION

On this day, the above-styled civil action came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. [Doc. 10]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on October 14, 2015, wherein he recommends this Court deny and dismiss petitioner's § 2241 petition with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's finding to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to timely file objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v.***

1

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), or by October 28, 2015. The docket reflects that service was accepted on October 16, 2015. [Doc. 11]. Petitioner filed his Objection, dated October 28, 2015, on November 2, 2015 [Doc. 12], which this Court accepted as timely pursuant to Fed. R. Civ. P. 6(d). Accordingly, this Court will review the portions of the R&R to which petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II.  BACKGROUND

On December 24, 2013, in the Middle District of Florida,[1] petitioner signed a plea agreement whereby he agreed to plead guilty to Counts One, Eighteen, and Thirty-Eight of the Superseding Indictment. [Florida Docket ("Fla. Doc.") 66]. Count One charged petitioner with conspiracy, in violation of 18 U.S.C. § 371; Count Eighteen charged petitioner with wire fraud, in violation of 18 U.S.C. § 1343; and Count Thirty-Eight charged petitioner with aggravated identity theft, in violation of 18 U.S.C. § 1028A. [*Id.* at 1]. On January 15, 2014, petitioner and two co-defendants appeared before Magistrate Judge Mark A. Pizzo and entered their guilty pleas in open court. [*See* Fla. Doc. 73]. That same day, petitioner signed a Notice Regarding Entry of a Plea of Guilty, which explained *inter alia* that the magistrate judge would be taking his plea and then making a recommendation to the district judge regarding whether petitioner's plea should be accepted. [Fla. Doc. 74]. The signed notice also indicated that, if the district judge decided to accept the plea, the

---

[1] Information regarding petitioner's criminal history in the Middle District of Florida is available on PACER at 8:13-CR-00190-1.

2

district judge would determine and impose petitioner's sentence. [*Id.*]. Also on January 15, 2014, Magistrate Judge Pizzo summarized his recommendation regarding petitioner's plea in an R&R to the district judge, whereby he recommended that the plea of guilty be accepted and that petitioner be adjudged guilty and sentenced accordingly. [Fla. Doc. 80]. No objections were filed to the Magistrate Judge Pizzo's R&R, and on February 4, 2014, District Judge Elizabeth A. Kovachevich accepted petitioner's guilty plea, thus adjudging petitioner guilty of the charged offenses. [Fla. Doc. 84].

On April 24, 2014, petitioner was sentenced by Judge Kovachevich to a term of eighty-seven months, with credit for time served. [Fla. Doc. 111]. This term consisted of sixty months as to Count One; sixty-three months as to Count Eighteen, to run concurrently with Count One; and twenty-four months as to Count Thirty-Eight, to run consecutive to Counts One and Eighteen. [*Id.*]. Petitioner was also sentenced to three years of supervised release and to jointly and severally pay restitution in the amount of $671,022.99 and a special assessment fee of $300. [*Id.*]. On motion of the United States Attorney, the remaining counts from the Superseding Indictment were dismissed. [*Id.*]. Judgment was entered the following day.[2] [Fla. Doc. 115].

Petitioner did not file a direct appeal. [Doc. 1 at 3]. On December 22, 2014, petitioner filed with the Middle District of Florida a Motion to Vacate pursuant to 28 U.S.C. § 2255 [Fla. Doc. 122], wherein he claimed that his guilty plea was illegal in violation of the Federal Magistrate's Act and ***United States v. Harden***, 758 F.3d 886 (7th Cir. 2014), because it was accepted by the magistrate judge rather than the district judge. The motion

---

[2]An Amended Judgment was entered on May 1, 2014, which corrected special conditions of supervision. [Fla. Doc. 116].

3

was denied by Judge Kovachevich's January 16, 2015, order, which explained that petitioner's claim had no merit because, pursuant to ***United States. v. Woodard***, 387 F.3d 1329 (11th Cir. 2004), and ***Brown v. United States***, 748 F.3d 1045 (11th Cir. 2014), no constitutional or statutory error is present where a magistrate judge accepts a guilty plea, particularly because of the authority of the district court to review the magistrate judge's decision. [Fla. Doc. 123].

Additionally, on January 26, 2015, petitioner filed a Motion for Resettlement and Issuance of Preliminary Injunction [Fla. Doc. 124], whereby he again asserted that his guilty plea was "null and void" because it was given to a magistrate judge rather than a district judge, and requested immediate release via a preliminary injunction "to prevent any irreparable injury from occurring before this court has a chance to decide this case, as it seems to be the situation." This motion was denied by order entered March 3, 2015, which stated that the court had addressed the raised issue in its order denying petitioner's motion to vacate. [Fla. Doc. 125].

On March 9, 2015, petitioner filed with this Court[3] a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("§ 2241") [Doc. 1], along with a 25-page typed memorandum in support [Doc. 1-1]. Therein, petitioner claims that:

> [t]he act for which the petitioner pled guilty via a plea agreement as a felon was accepted illegally and "involuntarily" by a magistrate judge. Petitioner is currently being held in federal prison unconstitutionally.

[Doc. 1 at 5]. He also contends that his counsel was ineffective for failing to advise him of the same. [*See* Doc. 1-1]. Petitioner asserts that he is entitled to immediate release from

---

[3]Petitioner is being detained at U.S.P. Hazelton in Bruceton Mills, West Virginia.

prison, and that his only "remaining appeal vehicle is this § 2241 with savings clause" since he is barred from pursuing further § 2255 collateral relief. [*Id.* at 8]. Petitioner also filed a Motion for Leave to File Excess Pages in Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 2] on March 9, 2015.[4]

On October 14, 2015, Magistrate Judge Seibert filed the instant R&R [Doc. 10], recommending that this Court deny and dismiss with prejudice petitioner's § 2241.[5] In so recommending, the magistrate judge first elaborates on the circumstances under which a § 2241 petition may be properly brought. [*Id.* at 4-6]. Magistrate Judge Seibert then explains that, while petitioner attempts to raise a savings clause argument, alleging that he is being held in violation of Congressional intent, petitioner is not entitled to its application. [*Id.* at 6]. Because petitioner is attacking the validity of his convictions and sentence, and has not satisfied the requirements of *Jones*,[6] the § 2241 is improperly before this Court. [*Id.*]. Finally, the magistrate judge notes his agreement with the Middle District of Florida's conclusion that petitioner's claim is without merit because the law in both this district and the Middle District of Florida at the time petitioner entered his plea was that a magistrate judge may take a felony guilty plea. [*Id.* at 7].

On November 2, 2015, petitioner's Objection to Report & Recommendation [Doc. 12] was filed.

---

[4]Following a Notice of Deficient Pleading [Doc. 4] and Order to Show Cause [Doc. 6], petitioner filed a Response to Order to Show Cause [Doc. 9], thereby remedying the deficiencies.

[5]The magistrate judge also recommends that petitioner's Motion for Leave to File Excess Pages be granted. [*Id.* at 8].

[6]*In re Jones*, 226 F.3d 328 (4th Cir. 2000).

5

## III. DISCUSSION

In his objection, petitioner primarily reasserts his argument that his plea was improperly given to a magistrate judge rather than a district judge. He notes that he agrees with Magistrate Judge Seibert that he consented to giving his plea to Magistrate Judge Pizzo, but that even with consent, his plea was wrongfully taken by a magistrate judge. Petitioner also alleges that his counsel was deficient for not explaining the consequences of his guilty plea being given to a magistrate judge and "refusing" to file a direct appeal following the plea. He avers throughout the objection that the law in question, as well as the judicial system in general, is erringly ambiguous and confusing. Further, he takes issue with the swiftness with which the Middle District of Florida denied his § 2255 and Motion for Resettlement, contending that both the Middle District of Florida's opinions and the instant R&R fail to properly address his grievances. Lastly, petitioner contends that the R&R improperly stated that petitioner's § 2241 was not properly before this Court. As set forth herein, petitioner's objection must be overruled.

A petition for habeas corpus under 28 U.S.C. § 2241 is the remedy to challenge the execution of a lawful sentence rather than its validity. *See, e.g.,* **United States v. Little**, 392 F.3d 671, 679 (4th Cir. 2004); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). On the other hand, a petition for habeas corpus under 28 U.S.C. § 2255 is the primary means by which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Vial*, 115 F.3d at 1194. However, a § 2241 petition may be used by a federal prisoner to challenge the legality of his conviction or sentence if he satisfies the requirements necessary to invoke the "savings clause" of § 2255, which provides that, where a § 2255

petition proves "inadequate or ineffective to test the legality of detention," a federal prisoner may seek a writ of habeas corpus pursuant to § 2241. *Id.* A § 2255 is not considered inadequate or ineffective just because an individual has been unable to obtain relief under the provision or because an individual is procedurally barred from filing a § 2255 motion. *Id.* at n.5. The Fourth Circuit has provided that a § 2255 petition is inadequate or ineffective to test the legality of a conviction where:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Regarding the third *Jones* element, the gatekeeping provisions of § 2255 indicate that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; *Jones*, 226 F.3d at 330.

Here, petitioner is not entitled to application of the § 2255 savings clause. As the R&R properly states, the laws under which petitioner was convicted–specifically, 18 U.S.C. §§ 371, 1343, and 1028A–have not changed, and petitioner's convicted conduct remains criminal. As such, even if petitioner's instant motion satisfied the gatekeeping provisions

7

of § 2255, petitioner has not satisfied the *Jones* requirements necessary to trigger the § 2255 savings clause because he has not and cannot establish that a § 2255 petition is an inadequate or ineffective remedy to test the legality of his incarceration. Accordingly, petitioner's § 2241 is more accurately construed as an impermissible successive § 2255 motion, and his repetitious arguments are improperly before this Court.

Even assuming *arguendo* that petitioner's arguments were properly raised here, his claim is without merit. The law of both this district and the Middle District of Florida is clear: a magistrate judge may take a felony guilty plea. See *United States v. Benton*, 523 F.3d 424 (4th Cir. 2008); *United States v. Osborne*, 345 F.3d 281 (4th Cir. 2003); *see also, e.g.*, *Peretz v. United States*, 501 U.S. 923 (1991); *United States v. Woodard*, 387 F.3d 1329 (11th Cir. 2004). In general, courts that have examined the question of magistrate judges handling of plea proceedings have held that the Federal Magistrates Act, 28 U.S.C. § 636, authorizes a magistrate judge, with the defendant's consent, to conduct Rule 11 guilty plea proceedings, and that such authorization is not an impermissible usurpation of Article III powers. *See, e.g., Woodard*, 387 F.3d at 1331 (citing cases). More specifically, a majority of these courts have held that a magistrate judge may accept guilty pleas and adjudge the defendant guilty. *Id*. The Seventh Circuit, however, decided contrarily in *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014), whereby it held that magistrate judges may not accept guilty pleas and adjudge a defendant guilty. Petitioner emphasizes the *Harden* decision as validation for his claim that his plea was taken illegally. However, not only is the Seventh Circuit's decision not binding on this Court,[7] that which *Harden*

---

[7]See *United States v. Shropshire*, 608 Fed.Appx. 143 (4th Cir. 2015).

proscribes is not what took place here. Magistrate Judge Pizzo did not *accept* petitioner's guilty plea and thereby adjudicate him guilty. Rather, petitioner consented to have the magistrate judge conduct the plea hearing and then issue a report and recommendation to the district judge as to whether or not to accept petitioner's plea and adjudge him guilty, a practice that is expressly permitted under *Harden*.[8] District Judge Kovachevich ultimately accepted petitioner's plea and adjudged him guilty. Accordingly, petitioner's contention that his plea was illegally taken by the magistrate judge is without merit.

Moreover, petitioner's assertion that his counsel was ineffective is also unpersuasive. Even if petitioner had been correct in asserting that the magistrate judge could not take his guilty plea, in order to successfully argue ineffective assistance of counsel, petitioner must have shown that (1) his attorney's performance was deficient and (2) the deficient performance prejudiced petitioner. ***Strickland v. Washington***, 466 U.S. 668, 687-88 (1984). For the second prong, petitioner must have shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. This is something that the petitioner has not and cannot demonstrate. District Judge Kovachevich reviewed and accepted Magistrate Judge Pizzo's recommendation that petitioner's plea of guilty be accepted. The district judge also sentenced petitioner independently based on his convictions that she herself adjudicated and assisted by the presentence report. Thus, there is no indication that, had the petitioner refused to have his guilty plea taken by the magistrate judge, the

---

[8] The Seventh Circuit provided that "[t]here is widespread agreement that a magistrate judge may conduct a Rule 11(b) colloquy for the purpose of making a report and recommendation . . . We agree that this is a permissible practice . . . ." *Harden*, 758 F.3d at 891.

9

district judge would have been any less inclined to accept the guilty plea and sentence petitioner accordingly. As such, petitioner cannot make a showing of prejudice resulting from his attorney's alleged ineffective assistance in not properly advising petitioner, and his ineffective assistance of counsel claim is without merit.

For the foregoing reasons, petitioner's objection is **OVERRULED**.

As a final matter, this Court notes that Magistrate Judge Seibert recommended this Court grant petitioner's Motion for Leave to File Excess Pages in Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 2]. In light of the fact that petitioner's instant § 2241 raises the same arguments that petitioner has unsuccessfully asserted twice before, this Court is of the opinion that the additional pages will contribute nothing new nor persuasive to the already flawed petition. Thus, particularly because of the instant denial of petitioner's § 2241 motion, his motion for excess pages pertaining thereto will also be denied, and this Court declines to adopt that portion of the R&R that recommends granting the same.

## IV. CONCLUSION

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 10]** should be, and is, hereby **ORDERED ADOPTED IN PART**, as it relates to petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, for the reasons more fully stated in the report. Further, petitioner's Objection **[Doc. 12]** is **OVERRULED**. Accordingly, petitioner's Petition for Writ of Habeas Corpus **[Doc. 1]** is **DENIED** and **DISMISSED WITH PREJUDICE**, and his Motion for Leave to File Excess Pages in Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc.**

2] is **DENIED**. Finally, this case is hereby **ORDERED STRICKEN** from the active docket of this Court, and the Clerk is directed to enter judgment in favor of the respondent.

Upon an independent review of the record, this Court hereby **DENIES** petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: January 28, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE